**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 26-CR-3911 KWR** |
| **vs.** | ) | |
| **DENNISON BILLY Jr.,** | ) | |
| **Defendant.** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States hereby responds to Defendant's sentencing memorandum (Doc. 30) and joins in Defendant's request that the Court accept the plea agreement in this matter (Doc. 26). Pursuant to the plea agreement, the United States also recommends a term of imprisonment of no less 27 months and no more than 33 months. The government further recommends a three-year term of supervised release, which includes substance abuse treatment and domestic violence prevention training.

The United States agrees that the properly calculated advisory guideline range is 37 to 46 months. Presentence Report (PSR) at ¶ 80. The United States also agrees that Defendant resides in CHC IV, with eight criminal history points, arising from seven prior adult convictions. PSR at ¶¶ 36-45. Defendant's prior convictions consist almost exclusively of alcohol-related offenses, specifically, misdemeanor assaults and DUIs. *Id.* As Counsel emphasized in Defendant's sentencing memo, Defendant's significant mental acuity deficit has been greatly exacerbated by Defendant's alcohol abuse over the course of his life. Doc. 30 at 2-6. Aside from providing just punishment for the offense and deterring criminal conduct, the sentence imposed in this case should also provide a level of correctional treatment that is sufficient to assist Defendant in

avoiding alcohol abuse and violent behavior once his imprisonment term is completed.

The primary impetus for the government's requested downward variance in this case was a conversation between undersigned counsel and Jane Doe during which Jane Doe expressed a desire for Defendant to receive substance abuse treatment rather than a lengthier term of imprisonment. Jane Doe's exhibition of grace toward Defendant is remarkable in light of the severe injuries she suffered at Defendant's hands, which included three fractured bones in her face and a concussion. *See* PSR at ¶ 12. Nonetheless, in concordance with Jane Doe's wishes, the government asks this Court to impose a sentence within the imprisonment range contemplated by the plea agreement. Notably, the PSR also endorses a sentence within the recommended range. PSR at ¶ 95.

The government asserts that a sentence within the recommended range of 27 to 33 months will be sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) in this case.

Respectfully submitted,
Todd Blanche
Attorney General
Ryan Ellison
First Assistant U.S. Attorney

***Filed Electronically on 11/2/2026***
AARON O. JORDAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document using the Court's CM/ECF filing system which will send electronic notification to opposing counsel of record.

***/s/ Filed Electronically on 11/2/2026***
AARON O. JORDAN
Assistant U.S. Attorney